Edward C. Walton (Bar No. 78490)
 E-mail: ed.walton@procopio.com
Patrick W. Martin (Bar No. 163932)
 E-mail: patrick.martin@procopio.com
Eric D. Swenson (Bar No. 196362)
 E-mail: eric.swenson@procopio.com
PROCOPIO, CORY, HARGREAVES &
 SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Plaintiff Margaret J. Jones, as Executor of the Estate of Jeffrey L. Jones

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET J. JONES, as Executor, ESTATE OF JEFFREY L. JONES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:19-CV-00173-JVS(RAO) (Related Matter 2:19-cv-04950-JVS-RAO)<br><br>**REPLY TO THE UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT THE ESTATE OF JEFFREY L. JONES' MOTION IN LIMINE TO EXCLUDE INADMISSIBLE HEARSAY STATEMENTS**<br><br>**(NUMBER 2 OF 2)**<br><br>Date: August 10, 2020<br>Time: 11:00 a.m.<br>Dept: Courtroom 10C<br>Judge: Hon. James V. Selna<br>Magistrate Judge: Rozella A. Oliver<br><br>Complaint Filed: January 8, 2019<br>Trial date: August 25, 2020 |

Plaintiff and Counterdefendant MARGARET J. JONES, as Executor of the ESTATE OF JEFFREY L. JONES ("Plaintiff"), respectfully submits the following Reply to Defendant and Counterclaimant the UNITED STATES OF AMERICA's ("Defendant") Response in Opposition to Plaintiff's Motion in Limine to Exclude Inadmissible Hearsay Statements (the "Motion").

## I.

## INTRODUCTION

Defendant opposes Plaintiff's motion on the ground that the March 7, 2018 letter from the New Zealand Inland Revenue Department to Douglas O'Donnell, Deputy Commissioner (International) of the Internal Revenue Service and statements purportedly made by Ian Lowish contained therein, do not form part of Defendant's case in chief and are admissible since they are not offered for the truth of the matter asserted. Defendant argues that the March 7, 2018 letter and purported statements by Mr. Lowish should be considered "as evidence of what IRS employees considered in determining that Jeffrey Jones' failure to file an FBAR was willful." (ECF No. 50 at 2:10-14.) Defendant asserts, "[t]o the extent Margaret Jones is permitted to introduce evidence of the IRS's actions, analyses, and opinions regarding its willful determination, the Letter and statements are admissible as non-hearsay in order to provide a more complete record for how the IRS ultimately determined that Margaret Jones' failure to file an FBAR was willful." (*Id.*)

Defendant's argument contradicts its contentions that the jury's determination of willfulness is *de novo* and the actions, analyses and evidence concerning the IRS investigation are therefore irrelevant. Plaintiff does not dispute the fact that the jury's determination of willfulness is *de novo* and does not intend to introduce the entirety of the IRS' two-year investigation with respect to the Joneses' income tax and FBAR obligations. Instead, Plaintiff seeks to introduce portions of the IRS investigation which provide circumstantial evidence that Plaintiff did not act willfully. If Defendant attempts to use the letter for this purpose, the letter would be offered for

the truth of the matter asserted—that Mr. Jones was told to seek independent tax advice to meet his tax obligations in the United States—and is therefore inadmissible.

## II.

## ARGUMENT

### A. The Trial is *De Novo* and the March 7, 2018, Letter is Irrelevant to the Jury's Determination

Defendant argues in its Motion in Limine No. 1 to Exclude Evidence of the Actions, Analyses, and Opinions of the Internal Revenue Service that, "[t]he determination of willfulness is *de novo* and the analysis employed by the Internal Revenue Service is of no consequence to this determination. . . . Thus, the Internal Revenue Service's actions, analyses, and opinions are irrelevant to the issue that needs to be decided by the jury and should be excluded under Fed. R. Evid. 402." (ECF No. 41-1 at 3:1-9.)

Plaintiff agrees with Defendant's contention that the jury's determination of willfulness is *de novo*, thus eliminating any need for Defendant to show that the IRS considered all pertinent information when making its willfulness determination. Nonetheless, portions of the IRS investigation do provide relevant circumstantial evidence "because direct proof of the taxpayer's intent is rarely available." *See United States v. McBride*, 908 F. Supp. 2d 1186, 1205 (D. Utah 2012).

Thus, any attempt to offer the March 7, 2018, letter could only be an offer of circumstantial evidence of Plaintiff's state of mind. As such, the letter would be offered for speculation as to the truth of the matter asserted—that Mr. Jones would possibly have been told to seek independent tax advice in the United States – and would therefore constitute inadmissible hearsay evidence.

///

///

///

To the extent Defendant wishes to depart from its prior argument that evidence of the IRS' willfulness determination is irrelevant, Defendant can present the testimony of the IRS agent who conducted the investigation, Keli Kim. Ms. Kim can provide a first-hand account of the fact – but not the content – of what she considered when making her willfulness determination, which included (unspecified) information received from the New Zealand Inland Revenue Department. From this evidence, Defendant can argue that the IRS made a complete investigation and considered all pertinent information without needing to introduce the prejudicial and speculative hearsay statements from an unknown author at the New Zealand Revenue Service who had an alleged conversation with Mr. Lowish, who found out what the policy at his firm may have been 30 years ago, but cannot say whether Mr. Jones was actually told anything.

### B. Defendant Fails to Address the Speculative Nature of the Letter and Mr. Lowish's Statements

Defendant's Opposition fails to address the fact that it is impossible to verify the author of the March 7, 2018, letter and that the statements made by Mr. Lowish are based on pure speculation as to what may have happened twenty-five years in the past. None of the witnesses identified to testify at trial have personal knowledge of the purported facts contained in the Inland Revenue Letter, nor do they have personal knowledge of Mr. Lowish's purported statements. At most, based on her personal knowledge, Ms. Kim can testify that she received a (partial) letter and considered information from Inland Revenue as a basis for forming her opinion. This testimony can be accomplished without the need for the Court to admit the speculative, unsupported, and prejudicial hearsay statements contained therein.

/ / /

/ / /

/ / /

# III.

# CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion and exclude any and all evidence, references to evidence, and testimony or argument related to the existence and substance of the March 7, 2018, letter from the Inland Revenue Department and statements purportedly made by Mr. Lowish contained therein and/or relating to its subject matter.

DATED: July 27, 2020

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: */s/ Edward C. Walton*
Edward C. Walton
Patrick W. Martin
Eric D. Swenson
Attorneys for Plaintiff Margaret J. Jones, as Executor of the Estate of Jeffrey L. Jones